# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ING BANK FSB, <br><br> Plaintiff, <br><br> v. <br><br> KAREN D MOORE, et al., <br><br> Defendant. | CASE NO. C12-362 TSZ <br><br> ORDER ON MOTION TO RECUSE |

On April 25, 2012, Judge Zilly entered an order in the above-entitled matter remanding the case to Island County Superior Court. Dkt. No. 15. Defendants responded by filing a "Motion to Recuse," citing Judge Zilly's dismissal of a previous case involving these same parties as evidence that "he will rule on this matter in the same manner." Dkt. No. 16, p. 2

Pursuant to Local General Rule 8(c), Judge Zilly reviewed plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 18. Plaintiff's motion for voluntary recusal is therefore ripe for review by this Court.

ORDER ON MOTION TO RECUSE- 1

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

Id. at 555.

This is precisely the situation presented by the facts of this case. The only evidence which Defendants cite of any lack of impartiality on Judge Zilly's part is his prior dismissal of another case involving ING Bank and Defendant Karen Moore. The simple fact that a judge has made adverse rulings in a prior case does not form the basis for a recusal. Defendants present no evidence (aside from his previous ruling) that Judge Zilly has "a personal bias or prejudice

concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

This Court finds that Judge Zilly's impartiality in this matter cannot reasonably be questioned. The motion to disqualify Judge Zilly from presiding over this case will be DENIED.

The clerk is ordered to provide copies of this order to Defendants and all counsel.

Dated this 16th day of May, 2012.

Marsha J. Pechman
Chief United States District Judge